```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


DONNELL E. BANKS,                )
                                 )
          Plaintiff,             )
                                 )
     v.                          )    No. 4:10 CV 700 DDN
                                 )
ARCHER DANIELS MIDLAND COMPANY,  )
et al.,                          )
                                 )
          Defendants.            )
```

**MEMORANDUM AND ORDER OF REMAND**

This action is before the court on the motion of plaintiff Donnell E. Banks to remand. (Doc. 7.) The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 21.) The court held a hearing on May 26, 2010. For the reasons set forth below, the court grants the motion to remand.

**I.  BACKGROUND**

On June 26, 2008, plaintiff Donnell E. Banks brought this action against defendants Archer Daniels Midland Company (ADM) and American River Transportation Co. (ARTCO) in the Circuit Court of the City of St. Louis. (Doc. 1, Ex. B at 2.) The original petition contained six counts. (Id. at ¶ 2.) On April 2, 2010, Banks filed an amended petition. (Doc. 1, Ex. A.) The amended petition was identical to the original petition, except that it added a seventh count. Count VII asserted a claim under the Missouri Human Rights Act. (Doc. 1, Ex. A at 19-22; Doc. 1, Ex. B at ¶¶ 3-4.) The other six counts asserted claims under the Jones Act (Counts I, IV, V) and under the general maritime law for unseaworthiness and maintenance and cure (Counts II, III, IV, V, VI).[1] (Doc. 1, Ex. A at 1-19.)

---

[1] A claim under the Jones Act is an in personam action for a seaman who suffers an injury in the course of his employment, as a result of negligence by his employer, the vessel owner, or the crew members.  A
(continued...)

On April 23, 2010, ADM and ARTCO removed the case to this court, invoking federal question jurisdiction and diversity jurisdiction. (Doc. 1 at ¶ 2) (citing 28 U.S.C. §§ 1331, 1332).

## II. MOTION TO REMAND

Donnell Banks moves to remand this case to the Circuit Court of the City of St. Louis. Banks argues that his claims under the Jones Act, the general maritime law, and the Missouri Human Rights Act do not provide any basis for federal question jurisdiction. He also argues that the one-year limitations period prevents removal based on diversity jurisdiction. Finally, Banks argues that there was no good faith basis for removal, and requests attorneys' fees. (Docs. 8, 18.)

In response, ADM and ARTCO argue that the Missouri Human Rights Act claim is a separate and distinct cause of action, which does not relate back to the original pleading, and which is not subject to the one-year limitations period. The defendants argue that the Jones Act and general maritime law claims could be removed under diversity jurisdiction, 28 U.S.C. § 1441(b). (Doc. 14.)

## III. DISCUSSION

If a district court has original jurisdiction over a civil action, that case may be removed from the state court to the district court. 28 U.S.C. § 1441(a). In the removal context, the district court only has original jurisdiction through diversity jurisdiction or federal question jurisdiction. Advanta Tech. Ltd. v. BP Nutrition, Inc., No. 4:08 CV 612 ERW, 2008 WL 4619700, at *2 (E.D. Mo. Oct. 16, 2008). The party invoking the district court's jurisdiction bears the burden of proof on the issue. Id.

---

[1](...continued)
claim of unseaworthiness is a claim under general maritime law based on the vessel owner's duty to ensure that the vessel is reasonably fit to be at sea. A claim for maintenance and cure concerns the vessel owner's obligation to provide food, lodging, and medical services to a seaman who was injured while serving the vessel. Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 441 (2001).

**FEDERAL QUESTION JURISDICTION**

The United States District Courts have original jurisdiction in all civil cases arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. A claim arises under federal law if a federal question is presented on the face of the plaintiff's well-pleaded complaint. Crews v. Gen. Am. Life Ins. Co., 274 F.3d 502, 504 (8th Cir. 2001). A claim is not removable simply because a federal defense is available. Id.

In Counts I through VI of his amended petition, Banks asserts claims under the Jones Act and the general maritime law. (Doc. 1, Ex. A at 1-19.) A Jones Act claim filed in state court is not removable – under either federal question jurisdiction or diversity jurisdiction. Isenhour v. Harvey's Iowa Mgmt. Co., No. Civ. 1:03 CV 40071-CFB, 2009 WL 435214, at *1 (S.D. Iowa Feb. 20, 2009) (quoting Lewis, 531 U.S. at 441); Thibodeaux v. So. Natural Gas Co., Civ. A. No. 93-0261, 1993 WL 139520, at *1 (E.D. La. Apr. 23, 1993).

The same is true of the general maritime claims here. See Isenhour, 2009 WL 435214, at *1. "[W]hile federal courts have exclusive jurisdiction over admiralty and maritime claims, the jurisdictional statute 'sav[es] to suitors in all cases all other remedies to which they are otherwise entitled.'" Id. As a result, the saving to suitors clause grants state courts in personam jurisdiction and preserves the remedies and concurrent jurisdiction of state courts over certain admiralty and maritime claims. Id. Simply put, "in personam maritime actions arising under the general maritime law are not claims that invoke federal question jurisdiction to support removal." Washington v. Ingram Barge Co., Civ. A. No. 93-2961, 1994 WL 10147, at *1 (E.D. La. Jan. 10, 1994); see also Toups v. Archer-Daniels-Midland Co., 155 F.R.D. 588, 590 (S.D. Tex. 1994) ("The general maritime claim does not, of course, give rise to federal question jurisdiction.").

In Count VII of his amended petition, Banks asserts a claim under the Missouri Human Rights Act. (Doc. 1, Ex. A at 19.) Claims under the Missouri Human Rights Act do not arise under federal law. Carter v. Edgewood Children's Ctr., No. 4:09 CV 93 RWS, 2009 WL 383357, at *2

(E.D. Mo. Feb. 12, 2009). Instead, they are treated as independent claims for relief for damages under Missouri law. Id.

Looking to all seven counts in the amended petition, removal cannot be based on federal question jurisdiction.

**DIVERSITY JURISDICTION**

As noted above, a Jones Act claim filed in state court is not removable - under either federal question jurisdiction or diversity jurisdiction. Isenhour, 2009 WL 435214, at *1; Toups, 155 F.R.D. at 589. In addition, when general maritime claims of unseaworthiness and maintenance and cure are joined with a Jones Act claim, none of the claims may be removed - provided the general maritime claims are not separate and independent from the Jones Act claim. Wamsley v. Tonomo Marine, Inc., 287 F. Supp. 2d 657, 659-60 (S.D.W.Va. 2003); Toups, 155 F.R.D. at 589. Looking to the original and amended petitions, it is clear that the Jones Act claims and the general maritime claims are not separate and independent. The Jones Act claims and the general maritime claims cannot be removed under diversity jurisdiction. See Wamsley, 287 F. Supp. 2d at 659-60; Toups, 155 F.R.D. at 589.

The original petition only included claims under the Jones Act and the general maritime law. As noted above, these claims were not removable. When a case, such as this one, is not initially removable, the defendant only has one year from the time the action has been commenced to remove the case based on diversity jurisdiction. 28 U.S.C. § 1446(b); Bancservs. Group, Inc. v. W. Nat'l Bank, No. 1:08 CV 13 HEA, 2008 WL 922308, at *1 (E.D. Mo. Mar. 31, 2008); Harris v. Alamo Rent A Car, LLC, No. 4:07 CV 865 JCH, 2007 WL 1701868, at *2 (E.D. Mo. June 11, 2007). Within this district, the one-year limitation is absolute. Harris, 2007 WL 1701868, at *3.

In this case, Banks filed the original petition on June 26, 2008. (Doc. 1, Ex. B at 2.) The defendants did not remove this case until April 23, 2010. Looking to § 1446(b) and Harris, this case may not be removed under diversity jurisdiction.

**SANCTIONS**

When a court orders a remand, the court may also require payment of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Whether to award fees under § 1447(c) is left to the discretion of the trial court. Harris, 2007 WL 1701868, at *4.

In this case, the defendants' arguments in favor of removal were supported by case law, and made in good faith. There is no evidence that the defendants removed the case solely for the purpose of delaying trial. The request for sanctions is denied.

### IV.  CONCLUSION

Because the defendants have not established any basis for removal jurisdiction,

**IT IS HEREBY ORDERED** that the motion of plaintiff Donnell E. Banks to remand (Doc. 7) is sustained. This action is hereby remanded to the Circuit Court of the City of St. Louis.

**IT IS FURTHER ORDERED** that the request of plaintiff Donnell E. Banks for sanctions is denied.

　　　　　　　　　　　　　　　　　　／S／　 David D. Noce　　　　
　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

Signed on June 2, 2010.